UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Koon, # 227826, *aka Robert Holland Koon, Robert H Koon,* <br><br> Plaintiff, <br><br> vs. <br><br> Sean Campbell; Paul C. McPhail; Andrew D. Grimes; Roger L. Couch, Judge; S. Prentiss Counts, <br><br> Defendants. | ) C/A No.: 8:08-2008-RBH-BHH <br> ) <br> ) <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) <br> ) <br> ) <br> ) |

The above-captioned case was removed to the United States District Court for the District of South Carolina by the defendants in a state court action. Defendants allege in their Notice of Removal that the plaintiff seeks relief for violation of his Civil Rights pursuant to 42 U.S.C. § 1983.

The plaintiff has timely filed objections to the removal. In his objections, plaintiff maintains he filed his case in state court in order to pursue claims of "attorney malpractice" under state law, and he alleges he seeks to prove the defendants conspired to violate state statutes, and constitutional amendments. Plaintiff specifically states in his objections that no federal cause of action has been stated. Additionally, plaintiff avers that, to the extent he has inadvertently raised federal claims, he withdraws them, "in toto". Defendants have replied to the plaintiff's objection to the removal and state that plaintiff continues to raise federal claims.

1

**Discussion**

A defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. 28 U.S.C. § 1441.  Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331.

Various federal courts have held that the removal statutes are to be construed against removal jurisdiction, and in favor of remand.  *See*, *e.g.*, *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990)(collecting cases); and *Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434, 436 (W.D.Va. 1990).

A plaintiff may object to the removal of a case, as plaintiff has done here, however, even if a plaintiff fails to object to a Notice of Removal within thirty days after the Notice of Removal is filed, a federal district court must still remand the case to state court if there is no federal question jurisdiction or diversity jurisdiction.  A federal court is not bound by the parties' characterization of a case or its appropriate parties.  *Lyon v. Centimark Corporation*, 805 F. Supp. 333, 334 (E.D.N.C. 1992).

Plaintiff is incarcerated at Broad River Correctional Institution.  A review of plaintiff's state court complaint reveals that the plaintiff believes the defendants failed to properly represent him at various stages of his criminal case.  Moreover, as noted above, the plaintiff has specifically stated in his objections to the removal that he wishes to pursue state claims only, and waives all federal claims that might be construed from his state court complaint.  Defendants argue in a response to the plaintiff's objection that plaintiff

2

continues to raise federal claims. In light of plaintiff's *pro se* status, however, and the well established requirement that this Court give liberal construction to pleadings filed by *pro se* litigants, this Court accepts the plaintiff's allegations that he does not wish to pursue federal claims. Thus, this Court is without 'federal question' jurisdiction. In addition, since the parties are not diverse, this Court has no subject matter jurisdiction over the plaintiff's claims.

There is a split of authority as to whether a magistrate judge has the authority to remand a matter to state court. The only district court in this district to have addressed this issue in a published opinion held that a magistrate judge did not have such authority. *See Long v. Lockheed Missiles & Space Co.*, Inc., 783 F. Supp. 249, 250 (D.S.C. 1992) (Hawkins, J.) ("[A] remand order is the equivalent of a dismissal. The Magistrate [Judge's] Order thus sought to effect an 'involuntary dismissal' of the action."). The Fourth Circuit Court of Appeals has not addressed the issue. *See Jonas v. Unisun Ins. Co.*, 230 F.3d 1352 (4th Cir.2000) (unpublished) ("[T]his court has not addressed whether a magistrate judge may issue an order of remand....").

Furthermore, although the United States Supreme Court has not addressed this issue directly, it has been suggested that a remand motion is functionally indistinguishable from a dispositive motion listed in § 636(b)(1)(A). *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714 (1996) ("No less than an order staying a federal court action pending adjudication of the dispute in state court, [an order of remand] puts the litigants in this case effectively out of court, and its effect is precisely to surrender jurisdiction of a federal suit to a state court.") (internal quotation and citation omitted). Additionally, three federal circuit

3

courts have addressed this matter in published opinions holding that remand motions are dispositve. *See Vogel v. U.S. Office Products Co.*, 258 F.3d 509 (6th Cir. 2001); *First Union Mortgage Corp. v. Smith*, 229 F.3d 992 (10th Cir. 2000); and *In re U.S. Healthcare*, 159 F.3d 142 (3d Cir. 1998).

Based on the foregoing, it is recommended that this matter be remanded to the Court of Common Pleas for Cherokee County.

Since this is only a recommendation, IT IS ORDERED that the Office of the Clerk of Court shall <u>not</u> immediately certify this Order to the Court of Common Pleas for Cherokee County. If both parties in the above-captioned case fail to file written objections to this Report and Recommendation within fourteen (14) days after this document is filed, or, if either party files written objections to this Report and Recommendation within fourteen (14) days after this document is filed, the Office of the Clerk of Court, at the end of the fourteen-day period, shall forward the case file, and any objections, to a United States District Judge for a final disposition.

s/Bruce H. Hendricks<br>United States Magistrate Judge

July 15, 2008
Greenville, South Carolina

***The parties' attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).